UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: JOSE SOUZA a/k/a JOSE DE SOUZA, | ) | Civil Action No. 15-13965-GAO |
| Debtor. | ) | |
| | ) | |
| ALUISIO SANTOS and | ) | (Chapter 7 Case No. 14-10251-MSH) |
| ANDERSON L. ABREU, | ) | |
| Appellants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOSE SOUZA a/k/a JOSE DE SOUZA, | ) | |
| Appellee. | ) | |

OPINION AND ORDER
May 5, 2016

O'TOOLE, D.J.

This is an appeal from an adversary proceeding in bankruptcy court in which the creditor-appellants, Aluisio Santos and Anderson L. Abreu, sought to have the debt owed them by the debtor-appellee, Jose Souza, declared non-dischargeable. The appeal presents a narrow issue: whether the bankruptcy judge erred in concluding that the debtor did not have the specific intent to defraud the creditors when he obtained the debt—here, money to help open a number of English-language schools.

The creditors had the burden of proof on that issue before the bankruptcy court, see Palmacci v. Umpierrez, 121 F.3d 781, 786 (1st Cir. 1997), and because it was a question of fact determined after a trial, the bankruptcy judge's finding is reviewed for clear error here, see Toye v. O'Donnell (In re O'Donnell), 728 F.3d 41, 45 (1st Cir. 2013). Under that standard of review, an appellate court should "accept the trial court's findings [on fraudulent intent] unless the evidence

compels" another conclusion. <u>Palmacci</u>, 121 F.3d at 790 (citations and internal quotation mark omitted).

After a thorough review of the record and the briefing of both sides, and after a hearing on the matter, I conclude that the bankruptcy judge was not clearly erroneous in finding that the debtor lacked the specific intent to defraud. The evidence put before the bankruptcy judge was scanty. The debtor himself testified at the proceeding and gave non-fraudulent explanations for his behavior. <u>Cf.</u> <u>Palmacci</u>, 121 F.3d at 785 ("Deference to the bankruptcy court's factual findings is particularly appropriate on the intent issue because a determination concerning fraudulent intent depends largely upon an assessment of the credibility and demeanor of the debtor.") (citation and internal quotation mark omitted). The record suggests that the debtor's business was poorly run, but it easily allows for an explanation that this was due to negligence and inexperience rather than a foul motive. <u>See</u> <u>Anderson v. City of Bessemer City</u>, 470 U.S. 564, 574 (1985) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.").

The order of the bankruptcy court is AFFIRMED.

It is SO ORDERED.

<u>/s/ George A. O'Toole, Jr.</u><br>
United States District Judge